IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ONTIVEROS,

    Plaintiff,

v.                                           Case No. 22-cv-0776-WJ-KBM

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Anthony Ontiveros' Prisoner Tort Complaint (Doc. 1-1) (Complaint). Plaintiff is incarcerated and proceeding *pro se*. He alleges, inter alia, that prison officials failed to protect him from an attack. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915A, the Court will dismiss the Complaint but grant leave to amend.

### BACKGROUND[1]

Plaintiff was previously incarcerated at the Guadalupe County Correctional Facility (GCCF). *See* Doc. 1-1 at 2. In July of 2015, fellow inmates Jeremy Ortega and Michael Anchondo stabbed Plaintiff with a sharpened piece of chain-link fence. *Id.* Inmate Jesse Hernandez, who is a leader of the Crazy Town Roswell Boys, allegedly ordered the attack. *Id.* It appears Plaintiff was previously affiliated with the gang. He believes the attack was retribution for his refusal to "carry out a hit on [his] friend … as ordered by Hernandez." *Id.* at 3. Plaintiff alleges Hernandez is "known [as a gang leader] by the STIU Div[ision] of the New Mexico Department of Corrections

---

[1] The background facts are taken from the allegations in the Complaint (Doc. 1-1), which the Court accepts as true for the purpose of this ruling.

[NMCD] as well as … the GEO Group [GEO]." *Id.* at 2.

After the attack, Plaintiff left GCCF and renounced his affiliation with the Crazy Town Roswell Boys. *See* Doc. 1-1 at 2-3. In 2019, Plaintiff was transferred to the Lea County Correctional Facility (LCCF). *Id.* at 3. He encountered Ortega, one of his attackers, who made a verbal threat. *Id.* Plaintiff was placed in protective custody for about a year until he was transferred to the Roswell Correctional Center (RCC). *Id.* During the transfer, he was forced to ride in a transport vehicle with Hernandez, who ordered the prior attack and threatened to "finish what didn't get done" in 2015. *Id.* at 3-4. Plaintiff was placed into an administrative holding cell upon arriving at RCC and was transferred to a different facility the next day. *Id.* at 4. Plaintiff alleges prison officials and GEO failed to report his 2015 attack to the police, despite reporting a similar attack against an inmate known as "Red" in 2018. *Id.*

Plaintiff raises claims against NMCD, GEO, "John Doe 1-100," and fellow inmates Hernandez, Ortega, and Anchondo. *See* Doc. 1-1 at 9-10. Construed liberally, the Complaint alleges NMCD and GEO violated Plaintiff's Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and were negligent in violation of the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq.* (NMTCA). *Id*. As to Hernandez, Ortega, and Anchondo, the Complaint appears to raise state civil claims for assault, battery, conspiracy, harassment, and stalking. *Id.* at 10. The Complaint also alleges those individuals are guilty of attempted murder and violations of N.M.S.A. § 30-3-1, *et. seq.*, which governs criminal assault and battery. *Id.* Plaintiff originally filed the Complaint in New Mexico's First Judicial District Court. *See* Doc. 1 at 1. Defendant GEO removed the Complaint to this Court, and the matter is ready for initial review.

**STANDARDS GOVERNING INITIAL REVIEW**

Section 1915A of Title 28 requires the Court to conduct a *sua sponte* review of all prisoner complaints that raise claims against government actors. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A. The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* Moreover, if a *pro se* inmate complaint fails to state a claim on initial screening, courts should generally grant leave to amend should unless amendment would be futile. *Id.*

**DISCUSSION**

Plaintiff's claims under the Eighth and Fourteenth Amendments are analyzed under 42

U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046.

Applying these standards, the Complaint fails to state a federal claim against the named Defendants (NMCD, GEO, and inmates Hernandez, Ortega, and Anchondo). It is well settled that NMCD is not a person subject to liability for money damages under § 1983. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999). Hernandez, Ortega, and Anchondo are similarly immune from suit under § 1983, as they are not state actors. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (the state law requirement of § 1983 necessarily "excludes from its reach merely private conduct, no matter how discriminatory or wrongful"); *Leuker v. Davies*, 1991 WL 47406, *1 (10th Cir. 1991) ("To maintain a cause of action under § 1983 against [a fellow inmate], plaintiff would have to allege in some way that [the inmate] [had] acted in concert with state actors, such as in a conspiracy."). Moreover, raising claims against "John Does 1-100" is insufficient to bring any specific defendant into this proceeding. *See Roper v. Grayson,* 81 F.3d 124, 126 (10th Cir. 1996) (to sue unnamed defendants, a plaintiff must "provide[] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served").

The remaining Defendant (GEO) can be sued under § 1983, but it cannot be held vicariously

4

liable for the actions of prison officials.  *See Smedley v. Corrs. Corp. of Am.*, 175 Fed. App'x 943, 946 (10th Cir. 2005).  To establish GEO's liability, Plaintiff must allege GEO promulgated or furthered a policy that alleged harm.  *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003).  The Complaint merely alleges GEO did "not abide by [its] own policies to protect plaintiff."  Doc. 1-1 at 7.  This allegation fails to show how any corporate policy was responsible for Plaintiff's attack, the prison classification decision, or the failure to report the attack to police.  The Complaint therefore fails to state a federal § 1983 claim against any Defendant.

   Alternatively, even if the Complaint satisfied the general § 1983 pleading standards, it fails to state a cognizable claim for deliberate indifference, due process violations, or discrimination under the Equal Protection Clause.  To state a deliberate indifference claim, the plaintiff must show: "(1) the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm."  *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (quotations omitted).  The objective component can be met based on the risk of assault by fellow inmates.  *Id.*; *Wilson v. Falk*, 877 F.3d 1204, 1210 (10th Cir. 2017) (where fellow inmate stabbed plaintiff, only subjective component was in dispute).  To satisfy the subjective component of the test, each defendant must "know[] of and disregard[] an excessive risk to inmate … safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

   The Complaint does not allege any Defendant knew that the assailants – who were then Plaintiff's fellow gang members – presented a risk before the initial attack occurred in 2015.  The Complaint also alleges that Plaintiff was placed in protective custody and/or moved each time he

encountered his assailants after the attack. Taken as a whole, the allegations do not show prison officials failed to take reasonable steps to abate the risk of harm. *See Lucas v. Turn Key Health Clinics, LLC,* 58 F.4th 1127, 1142 (10th Cir. 2023) (to avoid liability, prison officials must "take reasonable steps to abate [the inmate's] risk"). Plaintiff has therefore not alleged a colorable deliberate indifference claim under the Eighth Amendment.

Plaintiff also claims "his due process [rights were] violated as to his classification … when [he] … was held in … protective custody" at LCCF while one of his assailants, "Jeremy Ortega[,] … was out free in the pod." Doc. 1-1 at 6. "As a matter of law, [an inmate] has no liberty interest ... in discretionary classification decisions by prison officials." *Thompson v. Coulter*, 680 Fed. App'x 707, 710 (10th Cir. 2017) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1193 (10th Cir. 2010)). *See also Templeman v. Gunter,* 16 F.3d 367, 371 (10th Cir. 1994) (rejecting due process claim based on an administrative segregation and noting that "[b]ecause [the inmate] had no liberty interest in remaining in the general population, the Constitution did not require any particular process at all."). Administrative segregation can only implicate due process principles if the confinement is "the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Plaintiff has not alleged any significant or atypical deprivations as a result of his placement in protective custody. The Complaint therefore fails to allege a federal due process violation.

Plaintiff's final federal claim appears to arise under the Equal Protection Clause. Plaintiff contends Defendants discriminated against him by not reporting the 2015 attack to police, even though they reported a 2018 attack on an inmate named Red. To prevail on a "class of one" equal protection claim, "a plaintiff must first establish that others, similarly situated in every respect,

were treated differently." *Van Sant & Co. v. Town of Calhan*, 83 F.4th 1254, 1282 (10th Cir. 2023) (quotations omitted). "A plaintiff must then show this difference in treatment was without rational basis, that is, the government action was irrational and abusive, and wholly unrelated to any legitimate state activity." *Id.* The Complaint fails to allege Plaintiff is "similarly situated in every respect" to Red, nor has Plaintiff described any improper motive. Any federal equal protection claim therefore fails.

For these reasons, the Complaint fails to state a federal claim under 42 U.S.C. § 1983. The Court will dismiss all federal claims without prejudice and reserve ruling on whether to exercise supplemental jurisdiction over any state claims. Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff may file a single, amended complaint within thirty (30) days of entry of this ruling. The amendment will supersede Plaintiff's prior pleading and must include all federal and state claims he wishes to raise in this lawsuit. If Plaintiff fails to timely file an amended complaint and/or state a cognizable § 1983 claim, the Court may dismiss the federal claims with prejudice under 28 U.S.C. § 1915A and dismiss any state law claims without prejudice.

**IT IS ORDERED** that all federal claims in Plaintiff's Prisoner Civil Tort Complaint (**Doc. 1-1**) are **DISMISSED without prejudice** under 28 U.S.C. § 1915A and Rule 12(b)(6).

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint, as set forth above, within thirty (30) days of entry of this Order.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE