IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY ONTIVEROS,

    Plaintiff,

v.                                                                   Case No. 22-cv-0776-WJ-KBM

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court following Plaintiff Anthony Ontiveros' failure to file an amended complaint as directed. Plaintiff is incarcerated and proceeding *pro se*. The original Complaint (Doc. 1-1) alleges he was stabbed in 2015 by fellow GCCF inmates Ortega and Anchondo. *See* Doc. 1-1 at 2-3. Plaintiff attributes the attack to his refusal to "carry out a hit" ordered by the leader of the Crazy Town Roswell Boys, Jesse Hernandez. *Id*. Plaintiff left GCCF following the attack and renounced his own affiliation with that gang. *Id*. In 2019, Plaintiff encountered Ortega at the Lea County Correctional Facility (LCCF), where Ortega made a verbal threat. *Id*. Plaintiff was placed in protective custody for about a year until he was transferred to the Roswell Correctional Center (RCC). *Id*. During the transfer, he rode in a vehicle with Hernandez, who threatened to "finish what didn't get done" in 2015. *Id*. at 3-4. Plaintiff was placed in an administrative holding cell upon arrival his at RCC and was transferred to another prison the next day. *Id*. Plaintiff alleges prison officials and GEO failed to report his 2015 attack to the police, despite reporting a similar attack against an inmate known as "Red" in 2018. *Id*.

Construed liberally, the original Complaint raises claims under 42 U.S.C. § 1983 and the New Mexico Tort Claims Act, N.M.S.A. 41-1-1, *et. seq.* (NMTCA). The original Complaint also

appears to raise state civil claims for assault, battery, conspiracy, harassment, and stalking. The original Complaint seeks money damages against NMCD, GEO, "John Doe 1-100," Hernandez, Ortega, and Anchondo and requests that criminal charges be filed against the three individuals.

By a Memorandum Opinion and Order entered November 21, 2023, the Court determined the original Complaint fails to state a cognizable federal claim against any named Defendant. *See* Doc. 4 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints against government officials). NMCD is not a "person" subject to suit for money damages under 42 U.S.C. § 1983. *See Blackburn v. Dep't of Corr.*, 172 F.3d 62, 63 (10th Cir. 1999); *Buchanan v. Okla.*, 398 Fed. App'x 339, 342 (10th Cir. 2010) ("State-operated detention facilities.... are not 'persons' ... under § 1983"). Hernandez, Ortega, and Anchondo are immune under § 1983, as the original Complaint contains no facts suggesting those individuals acted in concert with the state. *See Leuker v. Davies*, 1991 WL 47406, *1 (10th Cir. 1991) ("To maintain a cause of action under § 1983 against [a fellow inmate], plaintiff would have to allege in some way that [the inmate] [had] acted in concert with state actors, such as in a conspiracy."). Plaintiff's original allegations also fail to show any policy/custom by GEO caused Plaintiff's attack, the prison classification decision, or the failure to report the attack to police. *See Dubbs v. Head Start, Inc.,* 336 F.3d 1194, 1216 (10th Cir. 2003) (to state a § 1983 claim against an entity, the allegations must demonstrate a corporate policy/custom was the moving force behind the injury). The Screening Ruling finally rejected the claims against "John Does 1-100," as the original Complains fails to "provide[] an adequate description of some kind which is sufficient to identify the person involved." *Roper v. Grayson,* 81 F.3d 124, 126 (10th Cir. 1996).

The Screening Ruling alternatively concluded that even if the original Complaint satisfied

the general § 1983 pleading standards, it fails to state a federal claim for deliberate indifference, due process violations, or discrimination under the Equal Protection Clause. The original Complaint does not allege any Defendant knew that the assailants – who were then Plaintiff's fellow gang members – presented a risk before the initial attack occurred in 2015. *See Farmer v. Brennan,* 511 U.S. 825, 837 (1994) (To satisfy the subjective component of the deliberate indifference test, each defendant must "know[] of and disregard[] an excessive risk to inmate … safety"). The original Complaint also fails to allege a significant or atypical deprivation stemming from Plaintiff's placement in protective custody, which is necessary to state a federal due process claim. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995). Any equal protection claim fails because the original Complaint does not show Plaintiff was treated differently than similarly situated inmate(s). *See Van Sant & Co. v. Town of Calhan*, 83 F.4th 1254, 1282 (10th Cir. 2023).

Because the original Complaint fails to state a cognizable § 1983 claim against any named Defendant, the Court dismissed that pleading pursuant to 28 U.S.C. § 1915A. Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), Plaintiff was *sua sponte* invited to amend his claims within thirty (30) days of entry of the Screening Ruling. The Screening Ruling set forth the relevant pleading standards governing Plaintiff's federal claims. Plaintiff was warned that if he fails to timely file an amended complaint, the Court may dismiss the federal claims with prejudice under 28 U.S.C. § 1915A and dismiss any state law claims without prejudice.

The initial deadline to amend was December 21, 2023. However, the first mailing containing the Screening Ruling was returned as undeliverable. *See* Doc. 5. The Clerks' Office mailed another copy of the Screening Ruling to Plaintiff's new address on December 11, 2023. More than thirty days have passed since the second mailing. Plaintiff did not amend his federal

3

claims, show cause for such failure, or otherwise respond to the Screening Ruling. The Court will therefore dismiss all federal claims set forth in the original Prisoner Tort Complaint (Doc. 1-1) with prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A. The Court also declines to exercise supplemental jurisdiction over any state law claims and will dismiss those claims without prejudice.

**IT IS ORDERED** that all federal claims set forth in Plaintiff's original Prisoner Tort Complaint (**Doc. 1-1**) are **DISMISSED with prejudice** for failure to state a cognizable claim under 28 U.S.C. § 1915A; the Court declines to exercise supplemental jurisdiction over state law claims, and all state law claims in the original Complaint (**Doc. 1-1**) are **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE